# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLIKEN,<br><br>    Plaintiff,<br><br> v.<br><br>R. LOPEZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-CV-00093-DLB PC<br><br>ORDER DISREGARDING PLAINTIFF'S MOTION TO AMEND AS UNNECESSARY (DOC. 10)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE (DOC. 11)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

## I.   Background

Plaintiff James Milliken ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on January 10, 2011. Plaintiff filed his first amended complaint on July 11, 2011. Doc. 11.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Plaintiff also filed a motion to amend his complaint concurrently with his amended complaint. Doc. 10. Plaintiff may amend his pleadings once as a matter of course. Fed. R. Civ. P. 15(a). Accordingly, Plaintiff's motion is HEREBY ORDERED disregarded as unnecessary.

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff is currently incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants Warden Raul Lopez, sergeant R. Vogel, and supervisors of building trades S. A. Marshall and L. Cruz.

Plaintiff alleges the following. On June 24, 2010, Plaintiff was moved to cell 4-B-1-R #06. The plumbing was in disrepair such that sewer water was leaking into the cell, forming puddles on the floor and filling a large hole adjacent to the toilet.

On June 25, 2010, Plaintiff informed Defendants through an inmate request that he and his cell mate, inmate Bishop, were being exposed to unconstitutional conditions in their cell. Plaintiff requested to be moved to a more habitable cell. Plaintiff requested an interview with Defendant Lopez. This request was denied. On June 29, 2010, Defendant Vogel was in charge of a building search. When he approached Plaintiff's cell, Plaintiff told Defendant Vogel of the leak. Plaintiff asked to have a plumber come and fix the leak/hole or to be moved to a safer cell.

Defendant Vogel denied the move request, but did say he would contact plumbers to have the leak fixed. The leak/hole was not fixed. Plaintiff and his cell mate mopped up the cell with their bare hands, and without cleaning supplies. Plaintiff became ill, suffering diarrhea, stomach cramps, chest congestion, and migraines. Plaintiff requested to be seen by a doctor on July 12, 2010, and was seen on July 14 and July 23.

Mosquitos also infested the cell because of the stagnant water inside. On July 23, 2010, Defendant Vogel again was conducting a search of all the cells in the building. Plaintiff again expressed his concerns to Defendant Vogel, and mentioned becoming ill. Defendant Vogel again said he would see what he could do, but nothing was done.

Plaintiff was provided only two towels every six months, and only a half bar of soap per week. Plaintiff used one of his towels and the half bar of soap to mop the sewage and disinfect the cell. Plaintiff was never given additional cleaning supplies. Plaintiff's soap was used up within 48 hours, leaving Plaintiff without soap 5 days a week.

On August 9, 2010, Plaintiff requested an interview with Defendant S. A. Marshall regarding the leak. Defendant Vogel came to their cell on August 9, 2010, in response to inmate Bishop's request. Defendant Vogel ordered the Plaintiff and his cell mate out of the cell, and sprayed the entire area with some red spray paint. Defendant Vogel told two correctional officers to properly document the leak/hole and to not issue any rules violations reports against the inmates for property damage. Defendant Vogel assured Plaintiff he would issue a work order.

On October 11, 2010, no repairs had been done. Plaintiff wrote to Defendants Marshall and Cruz, again informing them of conditions in the cell, and asking that they fix it. The pipe continued to leak until it was fixed on January 10, 2011. Plaintiff was exposed to these conditions for 200 days. The hole was not fixed until March 21, 2011, 270 days after Plaintiff had moved into the cell.

Plaintiff alleges a violation of the Eighth Amendment for being kept in a cell with a damaged floor, sewage leak, and mosquitos for 200 days, and for being deprived of reasonable access to basic personal hygiene supplies and no cleaning supplies for 200 days. Plaintiff requests as relief monetary damages, and all court fees.

**III.    Analysis**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) ("The circumstances, nature, and duration of a deprivation of [life's] necessities must be considered in determining whether a constitutional violation has occurred. 'The more basic the need, the shorter the time it can be withheld.'") (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982)).

Plaintiff does not state a claim for relief regarding lack of hygienic items, as Plaintiff makes no allegations that any Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff's health regarding his hygiene.

Plaintiff states a cognizable claim for relief under the Eighth Amendment against Defendant Vogel for Plaintiff remaining in a cell with a damaged floor, sewage leak, and mosquitos for 200 days. Plaintiff alleges sufficient facts to demonstrate that Defendant Vogel knew of and disregarded a substantial risk of serious harm to Plaintiff's health.

Plaintiff does not state a claim a claim for relief against Defendants Lopez, Marshall, and Cruz. Plaintiff alleges only that he sent requests for inmate interviews with these Defendants. This is insufficient to demonstrate that Defendants Lopez, Marshall, and Cruz actually knew of and disregarded a substantial risk of serious harm to Plaintiff's health.

///

4

**IV.     Conclusion And Order**

Plaintiff states a cognizable claim against Defendant R. Vogel for deliberate indifference in violation of the Eighth Amendment for Plaintiff remaining in a cell with a damaged floor, sewage leak, and mosquitos for 200 days.  Plaintiff fails to state any other claims against any other Defendants.

The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides not to amend and is willing to proceed only on the claims found to be cognizable, the Court will issue an order dismissing Defendants Lopez, Marshall, and Cruz, and forward service documents to Plaintiff for completion and return as to Defendant Vogel.  The Court will then direct the United States Marshal to effect service of process of both the amended complaint on Defendant Vogel.

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

///

5

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    (a) file a second amended complaint curing the deficiencies identified herein; or

    (b) notify the Court of willingness to proceed only on claims found to be cognizable as stated herein; and

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   August 8, 2011**                             **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE