# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. MILLIKEN,<br><br>            Plaintiff,<br><br>   v.<br><br>R. VOGEL, et al.,<br><br>            Defendants. | Case No. 1:11-cv-00093-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>ECF No. 28 |

## I.   Background

Plaintiff James M. Milliken ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendant R. Vogel for deliberate indifference to Plaintiff's conditions of confinement in violation of the Eighth Amendment. On August 9, 2012, Plaintiff filed a Motion for Summary Judgment. ECF No. 28. After receiving an extension of time, Defendant filed his opposition on October 31, 2012. ECF No. 32. The matter is submitted pursuant to Local Rule 230(l).

## II.   Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to

1

interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual

dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

### III.  Statement of Facts[1]

Plaintiff was previously incarcerated at California State Prison-Corcoran ("CSP-Cor") where the events giving rise to this action occurred. Defendant R. Vogel was a sergeant at CSP-Cor. ON June 24, 2010, Plaintiff was moved from Cell 4b1R #03 to 4B1R #06. First Am. Compl. ("FAC") ¶ 10; Pl. Decl. ¶ 3. Plaintiff contends that the plumbing in 4B1R #06 was in such disrepair that foul smelling sewage was seeping into the cell and forming a large puddle on the floor. FAC ¶ 11; Pl. Decl. ¶ 4. Defendant contends that there was no hole in the floor; rather there was a small

---

[1] **Error! Main Document Only.**All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(a), "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(c), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial").
The Court will consider only those facts and evidence that are relevant to resolving the motion for summary judgment.

1   depression in the floor where the concrete had worn down.  Ogas[2] Decl. ¶¶ 2-7; Vogel Decl. ¶ 4.

2   　　　　Plaintiff contends that there was a hole in the floor next to the toilet approximately 13 inches
3   long, 6 inches wide and 2 inches deep with rusty rebar exposed.  FAC, Exs. 2, 9, 10, 11; Pl. Decl. ¶
4   5.  Defendant disputes that categorization of "hole," instead referring to it as a "depression" of about
5   1 and ½ inches deep.  Ogas Decl.  ¶ 2; Vogel Decl. ¶ 4.  Defendant denies that any sewage or water
6   ever leaked into the cell through the depression.  Dotson Decl. ¶¶ 2-3[3]; Vogel ¶¶ 3, 7.

7   　　　　On June 25, 2010, Plaintiff notified and his cell mate notified officials in the building by way
8   of the grievance system.  FAC, Ex. 2; Pl. Decl. ¶ 6.  Plaintiff contends on June 29, 2010, a complete
9   building search was done, with Defendant Vogel as the lead officer.  FAC ¶ 13 and Ex. 11; Pl. Decl.
10  ¶ 7.  When it was time for Plaintiff's cell to be searched, both Plaintiff and his cell mate spoke with
11  Defendant Vogel about the hole in the floor, the sewage leak, and mosquitoes.  FAC ¶ 13 and Ex.
12  11; Pl. Decl. ¶ 7.  Plaintiff and his cell mate were removed from the cell while it was searched and
13  the hole/leak examined.  FAC ¶ 13 and Ex. 11; Pl. Decl. ¶ 7.  Defendant admits Plaintiff told
14  Defendant Vogel about a leak, but denied a leak or any sewage was in the cell.  Vogel Decl. ¶¶ 3-4.
15  On June 29, 2010, Plaintiff and his cell mate asked Defendant Vogel either to have the leak/hole
16  fixed or to move them to a safer and cleaner cell.  FAC ¶ 14; Pl. Decl. ¶ 7.  The request was denied.
17  FAC ¶ 14; Pl. Decl. ¶ 7.

18  　　　　Plaintiff contends that the leak/hole was not fixed.  FAC ¶ 15; Pl. Decl. ¶ 8.  Defendant
19  contends that the depression was repaired, and there was no leak to fix.  Vogel Decl. ¶¶ 3-4; Ogas
20  Decl. ¶¶ 2-3, 5, 7; Dotson Decl. ¶¶ 2-3.  Plaintiff contends that the only way to clean up the sewage
21  water was by hand.  As a result, Plaintiff contends that he became ill, and suffered from diarrhea,
22  stomach cramps, chest congestion, and more frequent migraines.  FAC ¶ 16; Pl. Decl. ¶ 9.
23  Defendant contends that Plaintiff did not become ill from sewage exposure because there was never
24  any sewage in the cell and Plaintiff's problems were not caused by exposure to sewage.  Barnett
25  Dec. ¶¶ 3-7[4]; Ogas Dec. ¶¶ 2-3, 5, 7; Vogel Dec. ¶¶ 3-4; Dotson Dec. ¶¶ 2-3.

---

[2] R. Ogas is employed at CSP-Cor as a Carpenter II, and was assigned to perform repair work on March 21, 2011 in 4B1R cell 06.  Ogas Decl. ¶¶ 1-2.

[3] M Dotson is employed as an Electronics Technician assigned to the Plant Operations Unit at CSP-Cor.  He was in Plaintiff's cell on two occasions for repair work.

[4] B. Barnett is the chief medical office, Office of Legal Affairs, for the California Correctional Health Care Services.  Mr. Barnett has attached his curriculum vitae, and submits his declaration as a medical expert.  Barnett Decl. ¶ 1.  The Court finds Mr. Barnett's declaration as sufficient expert testimony.

1    Plaintiff contends that on July 15, 2010, water was still leaking into the cell.  Plaintiff's cell
2 mate slipped in the leaking sewage and hit his head on the cell door.  Plaintiff contends that he
3 witnessed his cell mate lose consciousness, have a seizure, and urinate on himself.  Plaintiff called
4 for help.  His cell mate received medical attention and later placed back in the same cell.  FAC ¶ 17
5 and Ex. 11.  Defendant denies the presence of any leak or sewage. Ogas Dec. ¶¶ 2-3, 5, 7; Dotson
6 Dec. ¶¶ 2-3; Vogel Dec. ¶¶ 3-4.  Plaintiff contends that he and his cell mate were subjected to an
7 infestation of mosquitoes and were repeatedly bitten.  FAC ¶ 18; Pl. Decl. ¶¶ 1, 7.  Defendant denies
8 that the mosquitoes were a result of standing water or sewage in the cell.  Vogel Dec. ¶¶ 3-4, 7; Ogas
9 Dec. ¶¶ 2-3, 5, 7; Dotson Dec. ¶¶ 2-3.

10   On July 23, 2010, another complete building search was conducted and Defendant Vogel led
11 the search crew.  During this time Plaintiff and his cell mate both spoke to Vogel about the ongoing
12 sewage leak, the hole next to the toilet and the infestation of mosquitos. In addition to that they told
13 defendant Vogel that they both became ill, that the cell mate fell and suffered injuries and they
14 requested to be moved to a safer cleaner cell.  FAC ¶ 19; Exs. 3, 4, 5, 11; Pl. Decl. ¶ 11.  Defendant
15 denies standing water in the cell or sewage.  Defendant disputes the presence of a hole in the floor,
16 and that Plaintiff made any claims of injuries or illness to Defendant.  Vogel Decl. ¶¶ 3-4, 7.

17   Plaintiff contends that nothing was done to fix the leak.  FAC ¶ 20; Pl. Decl. ¶¶ 12, 15.
18 Defendant denies the existence of a leak. Vogel Decl. ¶¶ 3-4, 7.

19   On August 9, 2010, Defendant Vogel came back to the cell in response to an inmate request
20 submitted by Plaintiff's cell mate.  Defendant Vogel had them removed from the cell. He once again
21 examined the leak/hole, retrieved some spray paint, painted the damaged area and told correctional
22 officers Licon and Beltran to make sure the leak/hole is documented on the 114-A-files so the
23 inmates do not receive 115's (rule violations) for damage to the cell. Plaintiff and his cell mate once
24 again asked to be moved to a safer/cleaner cell or to have repairs made immediately. Defendant
25 Vogel assured them that he would submit a work order.  FAC ¶ 25; Pl. Decl. ¶¶ 14, 15.  Defendant
26 disputes the existence of a leak or hole. Vogel Decl. ¶¶ 3-4, 7; Dotson Dec. ¶¶ 2-3; Ogas Dec. ¶¶ 3,
27 5, 7.  Plaintiff contends that Defendant Vogel never submitted any work order for cell 4B1R # 06
28 regarding the sewage leak or hole in the ground during the 200 plus days this problem lasted.  FAC

5

¶¶ 20, 25; Pl. Decl. ¶ 15. Defendant denies the existence of a sewage leak, hole, or standing water. Vogel Dec. ¶¶ 3-4, 7; Ogas Dec. ¶¶ 3, 5-7; Dotson Dec. ¶¶ 2-3.

Plaintiff contends that on August 13, 2010, September 16, 2010, and October 7, 2010, cell 4B1R #06 was searched. Plaintiff contends that the leak was obvious to any observers and yet Plaintiff and his cell mate were forced to live in that cell, under those conditions for an extended period of time with no repairs being made. Vogel Resp. Pl. Req. for Prod. of Docs., Attach. B; Vogel Resp. Req. for Admis. No. 7. Defendant denies that there was any leak. Vogel Dec. ¶¶ 3-4, 7; Ogas Dec. ¶¶ 3, 5-7; Dotson Dec. ¶¶ 2-3.

Plaintiff contends that the sewage leak was not repaired for a period exceeding 200 days and was properly fixed on January 10, 2011. FAC, Ex. 8; Pl. Decl. ¶ 16. Defendant denies any leak that required repair. Vogel Dec. ¶¶ 3-4, 7; Ogas Dec. ¶¶ 3, 5-7; Dotson Dec. ¶¶ 2-3.

Plaintiff contends that the infestation of mosquitoes resulted in Plaintiff and his cell mate being bitten and lasted for several months. FAC ¶ 18; Pl. Decl. ¶¶ 1, 7, 9. Defendant denies that there was any standing water in the cell, and no sewage, and therefore no mosquito infestation. Vogel Dec. ¶¶ 3-4, 7; Ogas Dec. ¶¶ 3, 5-7; Dotson Dec. ¶¶ 2-3. Plaintiff contends that the hole in the foundation next to the toilet was not repaired for a period exceeding 270 days. It was properly repaired on March 21, 2011. FAC, Ex. 9; Pl. Decl. ¶ 17. Defendant denies any hole in the foundation. Defendant contends that the depression in the floor was repaired properly by prison staff. Ogas Dec. ¶¶ 2-3, 5-7.

**III.   Analysis**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.

1998). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) ("The circumstances, nature, and duration of a deprivation of [life's] necessities must be considered in determining whether a constitutional violation has occurred. 'The more basic the need, the shorter the time it can be withheld.'") (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982)).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. To adequately demonstrate deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety or health. *Id.* at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Id.*; *Frost*, 152 F.3d at 1128.

There remain genuine disputes of material fact in this action. The parties differ as to whether sewage, standing water, a leak, and a hole in the foundation were present in Plaintiff's cell. Construing the facts in the favor of Defendant as nonmovant, Plaintiff is not entitled to judgment as a matter of law.

**IV.     Conclusion**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for summary judgment, filed August 9, 2012, is denied.

IT IS SO ORDERED.

Dated:   **February 26, 2013**              /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE

7